UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AFRICAN INTERNATIONAL STORE, et al.., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV2326 HEA |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| AGRICULTURE, ) | |
| ) | |
| Defendants. ) | |

# **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motions to Dismiss [Doc. No. 7], and Plaintiffs' Motion to Appoint Counsel, [Doc. No. 2]. Plaintiff did not respond to the Motion to Dismiss.

Defendant moves to dismiss because Plaintiffs named the Department of Agriculture and not the United States of America. The Court agrees with a colleague of this Court that in the interests of justice, Plaintiffs should be given the opportunity to amend under the Federal Rules of Civil Procedure, in particular, Rule 15. See, *Mohammad v. United States,* Cause Number 4:10CV1682. Plaintiffs' failure to do so and name the appropriate defendant will, however, result in dismissal of this action.

The Court notes that there is no constitutional or statutory right to the

appointment of counsel in a civil case. *Phillips v. Jasper County Jail* 437 F.3d 791, 794 -795 (8th Cir. 2006). The relevant criteria for determining whether counsel should be appointed include the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments. *Edgington v. Missouri Dep't of Corr.,* 52 F.3d 777, 780 (8th Cir.1995), *abrogated on other grounds, Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir.2005). In considering a motion to appoint counsel for an indigent plaintiff, the court should "determine whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

Plaintiffs seek a review of the denial of their right to participate in the food stamps program. This case does not appear to be so complex that Petitioner is unable to pursue this action without the assistance of counsel. Having considered the factual complexity of the case, the basis upon which Plaintiffs' claims rest, the ability of Plaintiffs to present their claims, and the complexity of the legal issues involved in this case, *see Johnson v. Williams*, 788 F.2d 1319, 1323 (8th Cir. 1986), the Court concludes that appointment of counsel is not warranted at this

time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 7], is granted.

**IT IS FURTHER ORDERED** that Plaintiffs are given 7 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint. Failure to do so will result in dismissal of this action.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [Doc. No. 2] is denied without prejudice.

Dated this 29th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE